UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER EDWARD WHITE, <br> Plaintiff, <br> v. <br> CAROLYN W. COLVIN, <br> Defendant. | Case No.  14-cv-01757-KAW <br><br> **ORDER DISMISSING CASE** |

Plaintiff, who is represented by counsel, commenced this Social Security case on April 16, 2014.  (Compl., Dkt. No. 1.)  On June 12, 2014, he consented to the undersigned's jurisdiction pursuant to 28 U.S.C. § 636(c).  (Pl.'s Consent, Dkt. No. 5.)

Summons was issued on February 19, 2015.  (Summons, Dkt. No. 12.)  Since the issuance of summons, Plaintiff has not filed a certificate of service showing that the Defendant has been served within the 120-day deadline set forth in Rule 4(m) of the Federal Rules of Civil Procedure or that Defendant has been served as required by Rule 4(i).[1]

In light of this, the Court issued an order requiring Plaintiff "to show cause why this matter should not be dismissed for failure to timely and properly serve Defendant."  (Nov. 9, 2015 OSC, Dkt. No. 13.)  Plaintiff was to file a written response to the order within 14 days.  (*Id.*)

Plaintiff filed a timely response on November 21, 2015.  (Pl.'s Response, Dkt. No. 14.)  The filing, however, did not sufficiently respond to the order to show cause in that it failed to address why this matter should not be dismissed for failure to timely and properly serve

---

[1] On February 5, 2015, prior to the issuance of summons, Plaintiff did file a certificate of service. That certificate, however, indicates that the Office of the Regional Chief Counsel for the Social Security Administration was the only party served.

1  Defendant. It did not address whether service was timely under Rule 4(m) of the Federal Rules of
2  Civil Procedure or whether service was properly effected under Rule 4(i). As to the former,
3  Plaintiff merely stated: "[a] OneLegal, LLC Order Status document states that the service date
4  was March 3, 2015 at 12:30PM. I surmise that the Social Security Administrative has taken the
5  position that the Summons was not served in a timely manner." (*Id.* at 2.) Plaintiff, however, did
6  not state his position on the issue.
7  As to the latter, the only certificate of service Plaintiff filed with his response showed that
8  the only party served was the Office of Regional Chief Counsel for the Social Security
9  Administration. Plaintiff did not address whether this satisfied Rule 4(i), which requires service
10 on the local U.S. attorney's office and the Attorney General of the United States. Fed. R. Civ. P.
11 4(i).
12 In light of these deficiencies, the Court allowed Plaintiff an additional opportunity to
13 address these issues in a supplemental response, which was due within 14 days of November 24,
14 2015—December 8, 2015. The Court's order required Plaintiff to address (1) whether service was
15 timely under Rule 4(m) and, if not, why the case should not be dismissed,[2] and (2) whether service
16 was effected as required by Rule 4(i). The Court warned Plaintiff that if he failed to satisfactorily
17 address these issues, this action would be dismissed for failure to timely and properly serve
18 Defendant. As of the filing of this order, Plaintiff has not filed the required response.
19 Accordingly, this action is DISMISSED WITHOUT PREJUDICE for failure to timely and
20 properly serve Defendant as required by Federal Rule of Civil Procedure 4(m) and 4(i).
21 IT IS SO ORDERED.
22 Dated: 12/14/15

*[signature]*
KANDIS A. WESTMORE
United States Magistrate Judge

---

[2] Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served 120 days after the complaint is filed, the court . . . must dismiss the action without prejudice against the defendant . . . ."

2